1 KATHRYN FRITZ (CSB NO. 148200)
FENWICK & WEST LLP
2 Embarcadero Center West
275 Battery Street, 16th Floor
3 San Francisco, CA 94111
Telephone: (415) 875-2300
4 Facsimile: (415) 281-1350
kfritz@fenwick.com
5 For Nonparty,
FENWICK & WEST LLP

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMIEL C. GRAN and GAIL K. GRAN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. C-04-4605-SC<br><br>STIPULATION AND [PROPOSED]<br>order CONCERNING CONFIDENTIAL<br>information RE: DOCUMENTS OF<br>NONPARTY FENWICK & WEST LLP |

It appearing that discovery pursuant to Gamiel and Gail Gran's Subpoena, dated April 27, 2005, Re: Gamiel C. Gran and Gail K. Gran v. United States of America (the "Subpoena") directed to Nonparty Fenwick & West LLP ("Fenwick") in the above-captioned action ("Action") may involve the disclosure of confidential business and/or proprietary material subject to protection under Rule 79.5 of the Local Rules of Court and other provisions of federal law, Plaintiffs Gamiel and Gail Gran ("Plaintiffs"), The United States of America ("Defendants") and Fenwick (collectively, the "Stipulating Parties") hereby stipulate as follows with respect to documents produced by Fenwick pursuant to the Subpoena:

    1.    Fenwick may designate as "CONFIDENTIAL" any information, things or documents (or portions thereof) that it produces in response to the Subpoena, which Fenwick believes in good faith contains confidential and proprietary commercial, financial, or business information, or trade secret or other confidential or proprietary technical information, of Fenwick

STIP AND [PROPOSED] ORDER CONCERNING
CONFIDENTIAL INFORMATION RE: DOC OF
NONPARTY FENWICK & WEST LLP

CASE NO. C-04-4605-SC

or a third party, which is not generally known to others and which Fenwick would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Information may also be designated "CONFIDENTIAL" if Fenwick believes in good faith that the information falls within the right to privacy guaranteed by the laws of the United States and California.

2. This Stipulation and Order shall encompass not only those items or things that are expressly designated as "CONFIDENTIAL" by Fenwick but also any information derived therefrom and all copies, photographs, excerpts, and summaries thereof, as well as testimony derived therefrom.

3. Documents and things and any information contained therein, may be designated as "CONFIDENTIAL" by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

4. The Parties to this Action may only disclose material designated by Fenwick as "CONFIDENTIAL" to (a) the Party's Outside Counsel of record and all legal assistants, stenographic and clerical employees working on the prosecution or defense of this litigation under the supervision of such counsel; (b) any person who appears, from the face of the material designated "CONFIDENTIAL" as an author, addressee or recipient of that material; (c) any person of whom testimony is taken, where Fenwick has approved the disclosure of such material to that person; and (d) the Court in this proceeding, in accordance with Local Rule 79-5 and Paragraph 6 herein.

5. "CONFIDENTIAL" material shall be used only for purposes of this litigation, and shall not be used or disclosed by any Party except as provided under the terms of this Stipulation and Order. (For purposes of this Stipulation and Order, "disclose" means to show, furnish, or provide the original or a copy of the referenced material or document.) In no event shall any person receiving "CONFIDENTIAL" material use it for commercial or competitive purposes or make any public or private disclosure of the contents thereof, except as provided for in this Stipulation and Order. However, nothing contained in this Stipulation and Order shall affect the right of Fenwick to disclose information designated by it under this

Stipulation and Order.

6. Submission of "CONFIDENTIAL" material to the Court shall only be as follows:

(a) A party who lodges or files any paper, pleading or exhibit containing, discussing, describing or constituting "CONFIDENTIAL" material shall submit such material to the Court as directed by and in compliance with Local Rule 79-5. The Parties understand that pursuant to Local Rule 79-5, they must only file under seal the particular document or portion thereof that contains "CONFIDENTIAL" material. The Parties further understand that they should narrowly tailor those documents filed under seal so that only the portion of those documents that contain, oppose, or respond to "Designated Material" is filed under seal.

(b) The Parties agree that the actual underlying documents or other exhibits submitted in support of their pleadings or memoranda, to the extent that such materials have been designated "CONFIDENTIAL" material shall be filed under seal pursuant to the terms of this Stipulation and Order. The Parties further agree, to the extent that their pleadings or memoranda quote from, describe or make specific reference to "CONFIDENTIAL" material so as to reveal the contents of such "CONFIDENTIAL" material, that they will clearly designate their pleadings as containing such ""CONFIDENTIAL" material.

(c) Such "CONFIDENTIAL" material shall be filed in 8 ½ inch by 11 inch sealed envelopes or other appropriate sealed containers on which shall be information including the title of this Action, the following statement: **"Confidential: Document Filed Under Seal,"** and any other information or identification required by Local Rule 79-5 or the Court.

7. This Stipulation and Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

8. The inadvertent production of any document or other disclosure of "CONFIDENTIAL" material which Fenwick contends is subject to the attorney-client privilege,

```
1   work-product protection, or the right of privacy, or any other privilege or protection against
2   disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection.
3   Within a reasonable time after the discovery of the inadvertent production, Fenwick shall give
4   written notice to the receiving party that privileged documents or information have been
5   inadvertently produced or disclosed and request the return of such documents. Any document,
6   including all copies thereof, constituting or containing information as to which notice of
7   inadvertent production is given shall be returned to Fenwick. From the time of Fenwick's
8   notification of inadvertent production, any documents or information as to which notice is given
9   shall be deemed and treated as privileged and shall not be used for any purpose.
10  DATED: May ___, 2005                    UNITED STATES OF AMERICA
                                            JAY WEILL
11
12                                          By: _____
                                                JAY WEILL
13
                                            Attorneys for Defendants
14                                          UNITED STATES OF AMERICA.
15  DATED: May June 21st, 2005              BADGLEY, MULLINS LAW GROUP
                                            DON PAUL BADGLEY
16
17                                          By: _____
                                                DON PAUL BADGLEY
18
19                                          Attorneys for Plaintiffs
                                            GAMIEL and GAIL GRAN
20
21  DATED: May June 22, 2005                FENWICK & WEST LLP
22
23                                          By: _____
                                                KATHRYN J. FRITZ
24
                                            For Nonparty
25                                          FENWICK & WEST LLP
26
27
28
```

STIP AND [PROPOSED] ORDER CONCERNING
CONFIDENTIAL INFORMATION RE: DOC OF              4                    CASE NO. C-04-4605-SC
NONPARTY FENWICK & WEST LLP

1  work-product protection, or the right of privacy, or any other privilege or protection against
2  disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection.
3  Within a reasonable time after the discovery of the inadvertent production, Fenwick shall give
4  written notice to the receiving party that privileged documents or information have been
5  inadvertently produced or disclosed and request the return of such documents. Any document,
6  including all copies thereof, constituting or containing information as to which notice of
7  inadvertent production is given shall be returned to Fenwick. From the time of Fenwick's
8  notification of inadvertent production, any documents or information as to which notice is given
9  shall be deemed and treated as privileged and shall not be used for any purpose.

DATED: ~~May~~ JUNE 30, 2005

UNITED STATES OF AMERICA
JAY WEILL

By: _____
JAY WEILL

Attorneys for Defendants
UNITED STATES OF AMERICA

DATED: ~~May~~ June 21st, 2005

BADGLEY, MULLINS LAW GROUP
DON PAUL BADGLEY

By: _____
DON PAUL BADGLEY

Attorneys for Plaintiffs
GAMIEL and GAIL GRAN

DATED: ~~May~~ June 22, 2005

FENWICK & WEST LLP

By: _____
KATHRYN J. FRITZ

For Nonparty
FENWICK & WEST LLP

STIP AND [PROPOSED] ORDER CONCERNING
CONFIDENTIAL INFORMATION RE: DOE OF
NONPARTY FENWICK & WEST LLP

4

CASE NO. C-04-4605-SC

IT IS SO ORDERED.

Dated: July, 5, 2005

/s/ Samuel Conti
United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Jay R. Weill**
jay.weill@usdoj.gov

/s/Don Paul Badgley
Badgley-Mullins Law Group
701 Fifth Avenue
#4750
Seattle, WA 98101
Telephone: 206-621-6566
Fax: 206-621-9686
Email: donbadgley@badgleymullins.com

STIP AND [PROPOSED] ORDER
CONCERNING CONFIDENTIAL
INFORMATION RE: DOC OF NONPARTY
FENWICK & WEST LLP

CASE NO. C-04-4605-SC