```
                       UNITED STATES DISTRICT COURT

                      NORTHERN DISTRICT OF CALIFORNIA

GAMIEL C. GRAN and GAIL K. GRAN,    )
                                    )   No. 04-4605 SC
          Plaintiffs,               )
                                    )
     v.                             )   ORDER DENYING
                                    )   PLAINTIFFS' MOTION
UNITED STATES OF AMERICA,           )   FOR ABATEMENT OF
                                    )   PENALTIES
          Defendant.                )
                                    )
_____)
```

## I.   **INTRODUCTION**

Plaintiffs Gamiel and Gail Gran ("Plaintiffs") filed suit against Defendant United States of America ("Defendant") following a dispute with the Internal Revenue Service ("IRS") over the validity of a claimed tax refund.  The dispute centered on whether Plaintiffs had made a valid and binding election under § 83(b) of the Internal Revenue Code, 26 U.S.C. § 83.  On August 26, 2005, this Court issued an Order ruling that  Plaintiffs were not entitled to a refund because the § 83(b) election was valid when made and cannot be later cancelled or reversed.  Accordingly, the Court denied Plaintiffs' motion for partial summary judgment and granted in part Defendant's motion for summary judgment.  The Order allowed Plaintiffs 30 days to file a renewed motion with respect to the sole question of whether Plaintiffs had filed a Form 8275 disclosure statement with their amended tax return, which, if filed, would support their position that the IRS improperly imposed an accuracy-related penalty of $35,779.20 under

1  Internal Revenue Code Section 6662(a), 26 U.S.C. § 6662.
2  Plaintiffs timely filed their renewed motion, together with
3  evidence they claim addresses the question left open by the
4  Court's August 26, 2005 Order.  Defendant has filed an opposition
5  to Plaintiffs' motion.  For the reasons stated herein, the
6  Plaintiffs' motion is DENIED.

## II.    BACKGROUND

The facts in this case have been set forth in the Court's August 26, 2005 Order, familiarity with which is presumed. Relevant to the instant dispute is the fact that this Court determined that Plaintiffs' § 83(b) election was valid and binding when made, and that Defendant was therefore entitled to retain Plaintiffs' payment of $178,896.00 in satisfaction of their underreported tax liability for the tax year 2000.  The sole issue currently before the Court is whether Plaintiffs have adequately demonstrated that they filed a Form 8275 disclosure statement with their amended tax return that would have explained to the IRS the basis for Plaintiffs' position with respect to the tax treatment of Plaintiffs' stock options that were the subject of their § 83(b) election.  That question bears directly on the propriety of the $35,779.20 accuracy penalty assessed by the IRS. Plaintiffs have timely filed their motion for abatement of penalties, and Defendant has submitted an opposition to their motion.

## III.   LEGAL STANDARD

Since the question here at issue was left open by the Court's Order on the parties' cross-motions for summary judgment, the

-2-

1  standard imposed by Rule 56 of the Federal Rules of Civil
2  Procedure continues to govern disposition of the instant motion.
3  Under Rule 56, summary judgment in favor of the movant is proper
4  if "there is no genuine issue as to any material fact." <u>Celotex</u>
5  <u>Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  "[T]he movant has the
6  burden of showing that there is no genuine issue of fact."
7  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).
8  Furthermore, "[o]n summary judgment the inferences to be drawn
9  from the underlying facts ... must be viewed in the light most
10 favorable to the party opposing the motion." <u>United States v.</u>
11 <u>Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

12     Under the above standard, with respect to Plaintiffs' motion,
13 this Court must view the facts in the light most favorable to
14 Defendants.  In addition to the Court's factual inferences for
15 purposes of the motion, "[i]n any tax-refund case, the [IRS's]
16 deficiency determination is presumptively correct and the taxpayer
17 has the burden of proving that such deficiency is erroneous."
18 <u>Niles v. United States</u>, 710 F.2d 1391, 1393 (9th Cir. 1983).
19 Therefore, the burden is on Plaintiffs to show that the IRS's
20 determination with respect to the accuracy penalty is erroneous.

21 **IV.   DISCUSSION**

22     Having already decided that the IRS's position with respect
23 to Plaintiffs' § 83(b) election was correct, the sole remaining
24 issue for resolution by this Court is whether Defendant was
25 correct in levying an accuracy-related penalty for underpayment
26 of tax liability pursuant to I.R.C. § 6662(a).  Although
27 Plaintiffs now advance five separate arguments in support of

-3-

their position that the penalty was improper, only one of those arguments was made in Plaintiffs' original motion for partial summary judgment, and accordingly, it is that lone argument that the Court designated as appropriate for additional briefing. <u>Compare</u> Plaintiffs' Motion for Partial Summary Judgment at 24 <u>with</u> Plaintiffs' Motion for Abatement of Penalties at 5-19.  The Court declines to allow Plaintiffs a second bite at the apple by permitting the instant motion to spiral into a far-reaching and complex dispute regarding the permissibility of IRS accuracy penalties, and instead will focus on the discrete question left open by the Court's August 26, 2005 Order, namely, whether Plaintiffs can prove that they timely filed a Form 8275 disclosure statement along with their amended tax return for the tax year 2000 ("Amended Return").

The Amended Return submitted by Plaintiffs in support of their original motion for partial summary judgment did not contain the Form 8275 allegedly filed along with the return. Whatever the reason, the disclosure statement did not appear in this case until Plaintiffs filed their reply to Defendant's opposition to Plaintiffs' original motion for partial summary judgment.  However, as evidenced by the Court's August 26, 2005 Order, that filing was insufficient to demonstrate that Plaintiffs should be awarded an abatement of the accuracy penalty.  Accordingly, the Court allowed Plaintiffs the opportunity to renew their motion <u>if</u> they could provide evidence demonstrating that they had filed the disclosure statement along with the Amended Return.

Despite submitting lengthy legal arguments and voluminous exhibits, Plaintiffs have failed to submit any evidence that would prove that they actually informed the IRS of their tax position with respect to the § 83(b) election when they filed their Amended Return in September 2002.[1]  The Form 8275 submitted in support of Plaintiffs' motion is undated and does not bear any indication that it was ever filed.  While Plaintiffs' tax preparer and attorney, Mr. Issacson, asserts in his Declaration that the Form 8275 was attached to the Amended Return, the Court notes that Mr. Issacson has no personal knowledge of this, was not present when the Amended Return was executed and filed, and consequently is unable to add anything to Plaintiffs' effort to convince this Court that the IRS did in fact receive their disclosure statement, contrary to the IRS's position.

In sum, the facts that (1) the Form 8275 was not attached to the original Amended Return produced by the IRS as evidence in this case; (2) the Form 8275 was not attached to Plaintiffs' copy of their Amended Return submitted as evidence in support of their original motion for partial summary judgment; and (3) Plaintiffs have not been able to produce any evidence demonstrating that the Form 8275 was actually sent or received, all support the Court's finding that Plaintiffs did not alert the Government as to the

---

[1] Even the materials submitted in support of the instant motion are internally inconsistent, in that Plaintiffs' attorney, Brian G. Issacson, stated that the Amended Return and accompanying attachments, including the disclosure statement, were filed in February 2003, whereas Plaintiff Gail Gran maintains that the Amended Return was filed "on or about September 9, 2002."  See Declaration of Brian G. Issacson ("Issacson Decl."), Supplemental Declaration of Gail K. Gran ("Gran Decl.").

-5-

basis for their tax position with respect to the § 83(b) election.  The Court finds that the IRS was therefore justified in its decision to impose an accuracy-related penalty on Plaintiffs pursuant to § 6662(a).  The Government's decision not to abate the penalties imposed under § 6662(a) was therefore proper.  Accordingly, Plaintiffs' motion is DENIED.

**V.    CONCLUSION**

Plaintiffs have failed to set forth any evidence that would demonstrate that their Form 8275 was sent to or received by the IRS along with Plaintiffs' Amended Return.  Accordingly, the Court hereby DENIES Plaintiffs' motion for abatement of penalties.

IT IS SO ORDERED.

Dated: December 6, 2005

_____
UNITED STATES DISTRICT JUDGE